UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DOLORES A. JANNUZZI,

               Plaintiff,

   -against-

STEVEN M. ADLER, WELLS FARGO BANK, N.A.,
CLERK OF THE SUFFOLK COUNTY TRAFFIC
& PARKING VIOLATIONS AGENCY, and "JOHN DOE"
and "JANE ROE", said names being fictious, it being the
intention of Plaintiff to designate any and all occupants of
the premises at issue herein, and any Parties, corporations
or entities, if any, having or an interest or lien upon the
subject premises at issue herein,

               Defendants.
------------------------------------------------------------------------X

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, DOLORES A. JANNUZZI, by her attorneys, Vitale and Levitt, P.C., as and for her Complaint, alleges as follows:

## **NATURE OF ACTION**

      1.    This is an action for partition and sale pursuant to Article 9 of the New York Real Property Actions and Proceedings Law arising from Plaintiff's and Defendant's respective interests in the real property located at 38 Soundcrest Avenue, Northport, New York ("Premises")

      2.    Plaintiff, DOLORES A. JANNUZZI ("JANNUZZI"), and Defendant, STEVEN M. ADLER ("ADLER") were in a relationship at the time they purchased the premises. That relationship has ended and the parties are still equal owners of the Premises as tenants-in-common.

1

3. That Plaintiff, JANNUZZI and Defendant, ADLER, are also owners of real property, as tenants-in-common, in North Carolina, located at 2480 Meridian Road, NE, Leland, North Carolina, where Plaintiff JANNUZZI currently resides ("North Carolina Property").

4. That on January 6, 2021, Defendant, ADLER, commenced a partition action against Plaintiff, JANNUZZI in the Superior Court of the County of Brunswick, State of North Carolina, entitled *Steven Adler v. Dolores Jannuzzi, File No. 21-SP-0001*.

5. In the North Carolina partition lawsuit, Defendant ADLER seeks to have the Superior Court order the sale of the North Carolina Property where Plaintiff JANNUZZI resides.

6. The relationship between the parties has deteriorated into contentious and acrimonious litigation as a result of Defendant ADLER having commenced the North Carolina partition lawsuit.

7. The enmity that exists between Plaintiff, JANNUZZI and Defendant, ADLER thus requires the Premises to be sold as the parties cannot come to any arrangement as to its disposition.

## THE PARTIES

8. Plaintiff JANNUZZI is an individual who resides at 2480 Meridian Road, NE, Leland, North Carolina.

9. Defendant ADLER is an individual who resides at 38 Soundcrest Avenue, Northport, New York.

10. WELLS FARGO BANK, N.A., is named as a Defendant herein as having an interest in the Premises as mortgagee.

11. CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS AGENCY is named as a Defendant herein, having an interest in the Premises as a judgment creditor due to unpaid tickets.

12. "JOHN DOE" and "JANE ROE" are named as defendants herein, said names being fictious, it being the intention of Plaintiff to designate any and all tenant/persons in possession of the Premises, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the Premises.

## JURISDICTION

13. This Court has jurisdiction under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties and the amount of the controversy exceeds $75,000.00, exclusive of interest and costs.

14. Plaintiff JANNUZZI resides in North Carolina.

15. Defendant ADLER resides in New York.

16. Defendant WELLS FARGO BANK, N.A. has its principal place of business located at 2701 Wells Fargo Way, Minneapolis in Minnesota.

17. Defendant CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS AGENCY is a governmental agency of the County of Suffolk in New York.

18. "JOHN DOE" and "JANE ROE" are possible tenants and/or persons in possession of the Premises, located in New York.

19. Upon information and belief, the fair market value of the Premises is approximately Seven Hundred and Fifty Thousand ($750,000.00) Dollars.

20. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. § 1391 (a), because the Premises is located within this District and Defendant ADLER resides in this District.

**STATEMENT OF FACTS**

21. By Deed dated April 26, 2013, Plaintiff JANNUZZI purchased the Premises in the amount of $549,000.00 from Kimberly Mancini. The deed was recorded on May 30, 2013, in the office of the Clerk of Suffolk County.

22. By Deed recorded January 28, 2014, Plaintiff JANNUZZI transferred one-half of her interest in the premises to Defendant ADLER. The Deed, annexed as Exhibit "A", sets forth the legal description of the Premises.

23. That on or about April 26, 2013, Plaintiff JANNUZZI took sole possession of the Premises.

24. That on March 25, 2014, Plaintiff JANNUZZI and Defendant ADLER entered into a written agreement ("Agreement") which stated the monetary contribution and consideration to be made by Defendant ADLER for his purchase of Plaintiff JANNUZZI's one-half interest in the Premises.

25. The Agreement stated how the individual interests in the Premises of Plaintiff JANNUZZI and Defendant ADLER would be determined upon the death of either Plaintiff JANNUZZI or Defendant ADLER.

26. The Agreement was silent with respect to how the individual interests of Plaintiff JANNUZZI and Defendant ADLER would be determined in the event of partition and sale of the Premises prior to the death of either Plaintiff JANNUZZI or Defendant ADLER.

27. On May 2, 2014, Defendant ADLER borrowed the sum of $320,000.00 from Sterling National Bank (subsequently assigned to WELLS FARGO BANK, N.A.) for the sole purpose of financing his purchase of a one-half interest in the Premises from Plaintiff JANNUZZI.

28. Defendant ADLER moved into the Premises on or about May 2, 2014 and resided with Plaintiff JANNUZZI until on or about December 1, 2018 when Plaintiff JANNUZZI left the Premises.

29. Defendant ADLER, in his individual capacity has, since on or about December 1, 2018, exercised complete dominion and control over the Premises.

30. From on or about December 2018, and continuing to present date, Defendant ADLER resides in the Premises.

31. By virtue of the foregoing, Plaintiff JANNUZZI, is compelled to seek the immediate partition and sale of the Premises.

## AS AND FOR A FIRST CAUSE OF ACTION
(Partition and Sale)

32. Plaintiff hereby repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 thru 31, with the same force and effect as if same were fully set forth at length herein.

33. By virtue of the foregoing, Plaintiff JANNUZZI and Defendant ADLER, are seized and possessed in fee as tenants-in-common of the Premises.

34. The rights, shares, and interest in the premises of Plaintiff JANNUZZI and Defendant ADLER are as follows:

a. JANNUZZI is seized as a tenant-in common in fee simple absolute of an undivided one-half (50%) interest in the Premises; and

b. ADLER is seized as a tenant-in common in fee simple absolute of an undivided one-half (50%) interest in the Premises.

35. Upon information and belief, the fair market value of the Premises is approximately Seven Hundred and Fifty Thousand ($750,000.00) Dollars.

36. Upon information and belief there are no other parties interested in the Premises or with an undivided interest in the Premises other than Plaintiff and Defendant.

37. Except as otherwise alleged in the Complaint, there are no other liens or encumbrances of record on the Premises.

38. Plaintiff JANNUZZI and Defendant ADLER are of full age and competency and under no disability.

39. The Premises is so situated that division or partition thereof between Plaintiff JANNUZZI and Defendant ADLER, according to their respective rights and interests, is not possible without great prejudice to the owners thereof, and thus a sale of the property is necessary.

40. Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
(Declaratory Judgment)

41. Plaintiff hereby repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 thru 40, with the same force and effect as if same were fully set forth at length herein.

42. Plaintiff JANNUZZI and Defendant ADLER are the owners of the Premises as tenants-in-common.

43. Plaintiff JANNUZZI and Defendant ADLER are seized of the Premises in fee simple.

44. Plaintiff JANNUZZI has a substantial pecuniary interest in the Premises.

45. A justiciable controversy exists between Plaintiff JANNUZZI and Defendant ADLER with respect to their rights and interest in the Premises.

46. The parties are in doubt about their rights and interests in the Premises.

47. Plaintiff JANNUZZI requests relief in the form of a partition and sale because Plaintiff JANNUZZI and Defendant ADLER are unable to come to an agreement as to the sale of the Premises or a reasonable buy-out by Defendant ADLER of Plaintiff JANNUZZI's one-half (50%) interest in the Premises.

48. By reason of the forgoing, Plaintiff JANNUZZI is entitled to a declaration that:

   a. the Premises is so situated that a sale of the Premises is necessary and that the Premises be sold under the direction of this Court;

   b. Plaintiff JANNUZZI is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises;

   c. Defendant ADLER is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises;

   d. a division of the proceeds from the sale be directed between Plaintiff JANNUZZI and Defendant ADLER, according to their respective rights and interests in the Premises after the payment of the lawful costs and disbursements of this action and adjustments are made; and

   e. for such other and further relief as is necessary to protect Plaintiff JANNUZZI's rights and interests.

**WHEREFORE**, Plaintiff, DOLORES JANNUZZI, respectfully requests judgment against the Defendant, STEVEN ADLER, as follows:

(a) On the First Cause of Action: Partition and sale of the Premises, described according to the respective rights of the parties interested in the Premises such that a sale of the Premises be had and a division of the proceeds directed among the parties according to their respective rights and interests in the Premises after the payment of the lawful costs and disbursements of this action and the Premises be sold under the direction of this Court;

(b) On the Second Cause of Action: Declaring Plaintiff is seized as a tenant-in-common in fee simple absolute of an undivided one-half (50%) interest in the Premises, and declaring that a division of the proceeds from the sale be directed between Plaintiff and Defendant, according to their respective rights and interests in the Premises after the payment of the lawful costs and disbursements of this action and adjustments are made; and

(c) and such other and further relief as may be proper and equitable; together with costs and disbursements of the action, including reasonable attorneys' fees, as this Court may deem just and equitable.

Dated: Melville, New York
September 7, 2021

VITALE AND LEVITT, P.C.

By: _____
Paul E. Levitt, Esq.
*Attorneys for Plaintiff*
445 Broadhollow Rd., Suite 400
Melville, New York 11747
(631) 777-1700
plevitt@vitaleandlevitt.com